IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BELVA SINCLAIR,**  3:13-CV-01956- RE

Plaintiff,  **OPINION AND ORDER**

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

Defendant.

**REDDEN,** Judge:

Plaintiff Belva Sinclair brought this action to challenge Defendant's determination to reduce her Social Security Income (SSI) payments. For the reasons set out below, the decision of the Commissioner is affirmed and this matter is dismissed.

/ / /

/ / /

1 - OPINION AND ORDER

## PROCEDURAL HISTORY

In September 2009, Plaintiff was awarded SSI benefits by an administrative law judge (ALJ). Tr. 14-23. In October 2009 Plaintiff completed a form for determining financial eligibility for SSI. Tr. 46-52. She reported that from October 2006 to October 2007, she received approximately $1,200.00 a month from her mother. Tr. 48-49. Plaintiff reported that from November 2007 until October 2009, she received approximately $1,500.00 a month from her mother. Plaintiff stated this money was a loan for rent and medical bills, that she was "not sure of the exact amounts" and explained that she and her mother did "not have a specific repayment plan." Tr. 49.

The Commissioner determined Plaintiff was ineligible to receive benefit payments from October 16, 2006 through November 30, 2009, because she had received unearned income from her mother. Tr. 55-71. A hearing was held on November 16, 2011, at which Plaintiff and her mother, Agnes Files, testified. Tr. 163-81. Plaintiff testified that she never discussed with her mother exactly when she would pay the loan back and told her mother that she was not sure when she was going to be able to pay her. Tr. 169. She testified that there was never any agreement between her and her mother as to when she would repay her, just that it would be in a "timely manner." Tr. 171. Plaintiff testified that there was not an agreement that as soon as she was awarded SSI she would pay her mother back, but "that was part of what we thought would happen." Tr. 169. Plaintiff testified "it was never, like, no matter what [Plaintiff's] debt is wiped out." Tr. 169-70. Plaintiff also testified that there was an expectation she would repay at least $30-$70 a month, even if she did not get benefits. Tr. 170. She estimated she owed her mother $21,000.00 and had been repaying her mother approximately $50 a month since

2 - OPINION AND ORDER

December 2009. Tr. 170-71, 174. She stated there was documentation in Alabama stating how much Plaintiff owed her mother, but her mother had trouble locating the document. Tr. 171. Plaintiff had not had a chance to go to Alabama to get the document. Tr. 174.

Ms. Files testified that she and Plaintiff agreed Plaintiff would pay her back "when she got in a position that she could." Tr. 176. She stated they agreed Plaintiff would pay her back "in small amounts if she could or...whatever amount she could pay." Tr. 177. Ms. Files did not know approximately how much money she had loaned Plaintiff. Tr. 178.

On November 25, 2011, an ALJ found the agency properly reduced Plaintiff's payments. Tr. 11-13. The ALJ determined Plaintiff and Ms. Files did not describe an unconditional obligation to repay the funds, and did not agree on a specific loan amount or repayment schedule. Tr. 13. The ALJ concluded that Plaintiff and Ms. Files did not have a bona fide loan agreement and the payments from Ms. Files to Plaintiff between October 2006 and October 2009 constituted unearned income. *Id.* The Appeals Council denied Plaintiff's request for review, and the Appeals Council's decision thus became the final decision of the Commissioner, from which Sinclair now appeals.

## LEGAL STANDARDS

Section 1611(a)(1)(A) of the Social Security Act provides that a disabled individual who does not have an eligible spouse and whose income does not exceed SSI eligibility limits shall be eligible to receive SSI. Section 1612(a) of the Act states that "income" means both earned and unearned income, and that income also includes support and maintenance furnished in cash or in kind. 20 C.F.R. 416.1120, et seq. Money borrowed pursuant to a bona fide loan does not count

as income. 20 C.F.R. 416.1103(f), Social Security Ruling (SSR) 92-8p, *available at* 1992 WL 466905.

A bona fide loan is "an advance from lender to borrower that the borrower must repay, with or without interest." SSR 92-8p at *2. On the contrary, "[w]hen money or an in-kind advance in lieu of cash is given and accepted based on any understanding other than that it is to be repaid by the receiver, there is no loan involved for SSI purposes." *Id.* at *3. A bona fide loan agreement may be oral or written, but must be "recognized as enforceable under State law." SSR 92-8p at *2.

A monetary transfer constitutes a loan only if: 1) the loan agreement is enforceable under state law; 2) the loan agreement is in effect at the time the support was provided; 3) the borrower and lender acknowledge an unconditional obligation to repay; 4) there is a plan or schedule for loan repayment; and 5) the loan repayment plan is feasible. Program Operations Manual System (POMS) SI 00835.482(B), *available at* http://policy.ssa.gov/poms.nsf/lnx/0500835482.

The ALJ found Plaintiff and her mother did not describe an unconditional obligation to repay the funds. Tr. 13. Plaintiff testified there was not an agreement that as soon as she received SSI benefits she would pay her mother back, rather, she stated she and her mother believed "that was part of what we thought would happen." Tr. 169. Plaintiff testified she told her mother she was not sure when she was going to be able to pay her. *Id.* Plaintiff testified there was an expectation she would repay at least $30 to $70 a month, even if she did not get SSI benefits. Tr. 170. Ms. Files testified she and Plaintiff agreed Plaintiff would pay her back "when she got in a position that she could." Tr. 176. On this record, the ALJ reasonably concluded the parties did not agree to an unconditional obligation to repay the funds.

In addition, the ALJ properly found the parties did not agree on a specific loan amount or repayment schedule. Tr. 13. In October 2009 Plaintiff told the claims representative she was "not sure of the exact amounts" and that she and her mother did not "have a specific repayment plan." Tr. 49. However, at the hearing, Plaintiff estimated she owed her mother $21,000 and had ben repaying her mother about $50 per month since December 2009. Tr. 170-71. Plaintiff stated there was no agreement as to when she would start repayments, but that it would be in a "timely manner." Tr. 171. Ms. Files testified she did not know how much money she had loaned Plaintiff. Tr. 178.

## CONCLUSION

The ALJ applied the correct legal standards and her decision was supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this __7__ day of January, 2015.

_____
JAMES A. REDDEN
United States District Judge